661 So.2d 356 (1995)
William D. JONES, Appellant,
v.
The UPJOHN COMPANY, Appellee.
No. 94-00965.
District Court of Appeal of Florida, Second District.
October 6, 1995.
*357 Ronald N. Toward, Bartow, for Appellant.
Edward W. Gerecke of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Appellee.
BLUE, Judge.
William D. Jones appeals the dismissal with prejudice of his complaint against The Upjohn Company. He argues the trial court erred in holding that his suit was barred by collateral estoppel based on a prior criminal proceeding. Because we have concluded that the criminal and civil cases lack a mutuality of parties, we reverse.
In 1990, Jones was convicted of two counts of first-degree murder. For several years before the murders, Jones allegedly took a sedative, Halcion, which was manufactured by Upjohn. In 1993, Jones filed a civil suit against Upjohn, asserting negligence and strict liability and seeking punitive damages. These claims were based on Jones' allegations that Upjohn falsified test results to obtain FDA approval and failed to provide adequate warnings about Halcion's side effects, including anxiety, amnesia, depression, rage, paranoia, delusions, depersonalization, hallucinations and suicidal ideation.
In a motion to dismiss, Upjohn contended that Jones was collaterally estopped from litigating whether Halcion caused him to commit murder. Upjohn argued that when the jury found Jones guilty of first-degree murder, it necessarily found that he formed a premeditated intent to commit the crime. Relying in part on Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989), the trial court granted the motion and dismissed Jones' complaint.
"Collateral estoppel may be applied only where the parties and issues are identical and where a particular matter has been fully litigated and determined in a prior litigation which has resulted in a final decision in a court of competent jurisdiction." Prudential Ins. Co. of America v. Turkal, 528 So.2d 487, 488 (Fla. 3d DCA 1988). "A corollary to the doctrine of collateral estoppel is the doctrine of mutuality of parties which holds that strangers to a prior litigation  those who were neither parties nor in privity with a party  are not bound by the results of that litigation." Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843, 845 (Fla. 1984).
In Zeidwig, the supreme court allowed collateral estoppel to be defensively asserted in circumstances where there was no mutuality of parties. Zeidwig held that a criminal defendant who had previously litigated an ineffective assistance of counsel claim in a postconviction relief motion was collaterally estopped from bringing a civil claim for legal malpractice. But in Stogniew v. McQueen, 656 So.2d 917 (Fla. 1995), the supreme court reiterated the requirement that there be a mutuality of parties. "[U]nless both parties are bound by the prior judgment, neither may use it in a subsequent action." 656 So.2d at 919. The court then limited Zeidwig to its facts, holding that it created "a narrow exception in which collateral estoppel was permitted in a defensive context and then only under the compelling facts of that case." 656 So.2d at 919.
In supplemental briefing, Upjohn asserts that the supreme court intended to eliminate the requirement of a mutuality of parties in all defensive uses of collateral estoppel. We *358 disagree and believe that Zeidwig is limited to ineffective assistance of counsel claims and subsequent legal malpractice claims. We reach this conclusion because of the common facts and legal standards shared by ineffective assistance and legal malpractice claims. "[W]here a defendant in a criminal case has had a full and fair opportunity to present his claim in a prior criminal proceeding, and a judicial determination is made that he has received the effective assistance of counsel, then the defendant/attorney in a subsequent civil malpractice action brought by the criminal defendant may defensively assert collateral estoppel." Zeidwig, 548 So.2d at 214.
As a matter of public policy, Upjohn argues that Jones should not be permitted to bring this claim because criminals should not benefit from their misdeeds. We do not disagree. Countervailing policy considerations, however, argue against shielding a corporate entity from liability for allegedly harmful products or reprehensible conduct. In this case, Jones has raised very serious allegations about Upjohn's manipulation of the approval process and its marketing efforts. Jones has also alleged that the drug caused him to commit murder. We make no comment on these allegations because they were not at issue in this appeal. If these allegations could be proven, however, public policy would not be served by allowing a company to hide behind the very criminal conviction which its product allegedly produced.
Upjohn was not a party to the prior criminal action that resulted in Jones' convictions, nor was it in privity with a party to that action. Because there was no mutuality of parties, Upjohn may not assert collateral estoppel as a bar to Jones' civil suit. Accordingly, we reverse and remand for further proceedings.
PARKER, A.C.J., and FULMER, J., concur.