PER CURIAM.
Appellants appeal an adverse summary judgment. We affirm.
In 1990, E.C., the natural mother of J.K.C., petitioned for dissolution of marriage from J.KC.’s natural father. As part of the issue of child custody, E.C. contended that J.K.C.’s natural father had sexually abused J.K.C. The family court determined that J.K.C. had not been sexually abused.
In 1992, E.C., individually and as natural parent and guardian of the minor J.K.C., filed a lawsuit against Appellees for medical malpractice in failing to properly diagnose the sexual abuse committed against J.K.C. Appellees answered, raising the affirmative defense of collateral estoppel. Appellees subsequently moved for summary judgment on the basis of collateral estoppel, arguing that the finding of no sexual abuse in the dissolution proceeding barred Appellants from suing them for malpractice in failing to diagnose sexual abuse. Following a hearing, the trial court entered final summary judgment in Appellees’ favor based only on its conclusion that collateral estoppel barred Appellants’ lawsuit against Appellees. Appellants now appeal. The only issue they raise is that collateral estoppel could not bar their lawsuit because neither the parties nor the issues in the instant proceeding are the same as they were in the dissolution proceeding.
Collateral estoppel applies to prevent parties and their privies-from relitigat-ing an issue or fact decided in a previous action. See Stogniew v. McQueen, 656 So.2d 917 (Fla.1995); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977). The traditional requirements of collateral estoppel are that the parties and issues be identical and that the particular matter was fully litigated and determined by a court of competent .jurisdiction. See id. at 374.
We believe the trial court properly determined that under the circumstances of this case, the parties need not be identical. As we have stated, “identity of parties is irrelevant for the application of defensive collateral estoppel.” United Servs. Auto. Ass’n v. Selz, 637 So.2d 320, 322 (Fla. 4th DCA 1994). We recognize that despite the *1157 federal courts’ abolition of the mutuality of parties requirement when collateral estoppel is used either offensively or defensively, the Florida Supreme Court has continued to adhere to this requirement in the context of offensive use of collateral estoppel. See Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984); Stogniew, 656 So.2d at 917. However, the instant case is different because it involves a defensive use of collateral estoppel. Thus, our reliance on Selz, which specifically states that “identity of parties is irrelevant for the application of defensive collateral es-toppel,” does not run afoul of the Florida Supreme Court’s reluctance to adopt the federal courts’ wholesale abolition of the mutuality of parties requirement.
Moreover, we agree with the trial court that Appellants are attempting to relitigate an issue already decided. The parties in this ease have spent much effort framing the exact issue involved in the dissolution proceeding as well as the exact issue involved in the present negligence ease. However, the final judgment of dissolution makes clear that the issue fully litigated by the parties and determined by the family court was whether J.K.C. was sexually abused by anyone, including her father. Thus, regardless of whether the issue is if the father sexually abused the minor child or if someone else sexually abused the minor child, relitigation of this point is foreclosed. See Department of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906 (Fla.1995).
In sum, because the mutuality of parties requirement is irrelevant in this particular case and because the issue Appellants raised in their negligence suit has already been fully litigated, the doctrine of collateral estoppel bars relitigation of the issue of sexual abuse in this case. Since it has already been conclusively determined that J.K.C. did not suffer sexual abuse by anyone, Appellees cannot be liable for failing to diagnose sexual abuse that never occurred. Accordingly, we affirm the trial court’s entry of summary judgment against Appellants.
AFFIRMED.
GUNTHER and SHAHOOD, JJ., concur.
STONE, C.J., dissents with opinion.