United States Court of Appeals,

Eleventh Circuit.

No. 96-4632

Non-Argument Calendar.

COMMUNITY BANK OF HOMESTEAD, Plaintiff-Appellant,

v.

Joseph A. TORCISE, Jr., Defendant-Appellee.

Dec. 11, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-994-CIV-ARONVITZ), Sidney M. Aronovitz, Judge.

Before TJOFLAT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

TJOFLAT, Circuit Judge:

This appeal arises from the defendant's collateral attack on a state court foreclosure judgment. We hold that the defendant's claim is barred by the principle of collateral estoppel.

In April 1989, Community Bank of Homestead, Florida, loaned Joe Torcise $1.5 million for use in his tomato farming operations. The loan was secured by a lien on certain real property and farm equipment. It appears that Torcise never made any payments on the loan.

In late November 1989, Torcise filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Florida. The bankruptcy court approved a liquidation plan that required Torcise to sell the farm equipment securing Community Bank's loan, and lifted the automatic stay to allow Community Bank to foreclose on the real property.[1] The plan stated, however, that the proceeds from these sales were to be held in escrow pending the result of certain

---

[1] The commencement of bankruptcy proceedings automatically stays any pending litigation against the debtor. *See* 11 U.S.C. § 362(a) (1994).

fraudulent transfer and preference litigation that Torcise's bankruptcy estate had brought against Community Bank.

Community Bank foreclosed on Torcise's property in the Circuit Court of Dade County, Florida. The circuit court determined that Torcise was liable for the principal amount of the note plus interest at the contractual default rate accruing until the time of the foreclosure.[2] The resulting liability totaled nearly $2 million. The judgment also provided that postjudgment interest would accrue at the Florida statutory rate of 12%. The judgment was not appealed, and the real property was subsequently sold at a foreclosure sale.

In the fraudulent transfer and preference litigation, Community Bank was held liable for $3.55 million. Community Bank posted a bond for this sum (thus satisfying any concerns about the payment thereof), and then moved in bankruptcy court for a release of the proceeds from the sale of its collateral. The bankruptcy court, after addressing various issues relating to costs and attorneys' fees, held (as a matter of course) that the proceeds would be released to pay Torcise's indebtedness to Community Bank and that interest would accrue as provided for in the circuit court foreclosure judgment.

The bankruptcy court's resolution of this motion was appealed to the United States District Court for the Southern District of Florida. The district court suggested that the circuit court's foreclosure judgment, by imposing postjudgment interest on a judgment that included prejudgment interest, imposed "interest on interest" in violation of Florida law. *See Community Bank of Homestead v. Torcise* (*In re Torcise* ), 187 B.R. 18, 23 (S.D.Fla.1995). The district court also held

---

[2]The note's interest rate was set at Community Bank's "base rate" plus 2%. The note also stated, however, that in the event of default the note would bear interest at the rate of 18%.

that 11 U.S.C. § 506(b) required that prejudgment interest be calculated at the contract rate[3] until the filing of the bankruptcy petition, and that postjudgment interest at the contract rate (rather than the Florida statutory rate) should accrue on the total indebtedness as of the filing of the bankruptcy petition.[4] *See id.* at 22-23. Community Bank appeals the district court's holding.

The principle of collateral estoppel requires us to reverse the district court's decision. Collateral estoppel prevents relitigation of an issue resolved in a prior judicial proceeding, provided that (1) the identical issue has been fully litigated, (2) by the same parties, and (3) a final decision has been rendered by a court of competent jurisdiction. *See Essenson v. Polo Club Assocs.,* 688 So.2d 981, 983 (Fla. 2d DCA 1997).[5] These criteria are met in this case. The foreclosure proceeding resolved the issue of the appropriate interest rates on Community Bank's claim—the

---

[3]The district court's opinion was unclear on whether interest was to be calculated at the regular contract rate or the default contract rate.

[4]Thus, the district court's resolution also entailed "interest on interest"—postjudgment interest was to accrue on a prejudgment amount that included interest.

[5]Under the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994), state court judgments are to be given the same preclusive effective in federal court that they would have in the state in which the judgment was rendered. *See University Drive Prof'l Complex, Inc. v. FSLIC* (*In re University Drive Prof'l Complex, Inc.*), 101 B.R. 790, 793 (Bankr.S.D.Fla.1989). Hence, we turn to Florida law for the appropriate collateral estoppel standard.

same issue that is being challenged on this appeal.[6] The parties are identical.[7] Finally, the Florida

circuit court had jurisdiction over the foreclosure proceeding. Thus, Torcise is collaterally estopped

from contesting the calculation of interest.

The district court's suggestion that Florida law does not permit "interest on interest" is an

argument that should have been made in the circuit court foreclosure proceeding. By the district

court's reasoning, if the bankruptcy court had granted relief from the automatic stay for an injured

party to pursue an auto accident claim in Florida circuit court, the bankruptcy court could

subsequently (when the injured party attempted to collect on the judgment) decide that the circuit

<hr>

[6]The fact that Torcise did not contest the foreclosure judgment on direct appeal does not prevent the issue from having been "fully litigated" for collateral estoppel purposes. *See Johnson v. Keene* (*In re Keene* ), 135 B.R. 162, 168 (Bankr.S.D.Fla.1991); *Masciarelli v. Maco Supply Corp.,* 224 So.2d 329, 330 (Fla.1969); *see also Walters v. Betts* (*In re Betts* ), 174 B.R. 636, 646 (Bankr.N.D.Ga.1994) ("[A] consideration of "actually litigated' is not addressed to the quality or quantity of evidence or argument presented. Instead, it only requires that an issue was effectively raised in the prior action, and that the adverse party had a fair opportunity to contest the issue.").

[7]Torcise argues that the parties are different—the foreclosure proceeding was instituted against Torcise in his individual capacity, while the present action is against his bankruptcy estate. "Identical" parties for collateral estoppel purposes, however, includes parties in "privity" with the parties in the prior litigation. *See R.D.J. Enters., Inc. v. Mega Bank,* 600 So.2d 1229, 1231 (Fla. 3d DCA 1992). Privity exists where there is a successive relationship to the same property right. *See Rhyne v. Miami-Dade Water & Sewer Auth.,* 402 So.2d 54, 55 (Fla. 3d DCA 1981). Torcise's estate was the successor to Torcise's property when Torcise filed for bankruptcy; the estate is therefore in privity with Torcise and the parties in the two suits are therefore considered identical.

Furthermore, there is some question whether identity of parties is even necessary under Florida law when collateral estoppel is raised defensively. *Compare E.C. v. Katz,* 711 So.2d 1155, 1156-57 (Fla. 4th DCA 1998) (holding that identity of parties is "irrelevant" for defensive collateral estoppel), *and Verhagen v. Arroyo,* 552 So.2d 1162, 1164 (Fla. 3d DCA 1989) (same), *with Lee v. Gadasa Corp.,* 680 So.2d 1107, 1108 (Fla. 1st DCA 1996) (holding that identity of parties is required for defensive collateral estoppel), *and Jones v. Upjohn Co.,* 661 So.2d 356, 357-58 (Fla. 2d DCA 1995) (same).

4

court had improperly applied the Florida law of negligence. Likewise, if 11 U.S.C. § 506(b) was relevant in determining the amount of Community Bank's claim, that argument should have been made in the circuit court.[8] *See Jeffries v. Bar J. Forest Prods., Inc. (In re Jeffries* ), 191 B.R. 861, 863 (Bankr.D.Or.1995) ("[T]he state court is empowered to decide any ... issue arising under the Bankruptcy Code implicated by the facts of the case.").

The judgment of the district court is therefore REVERSED, and the case is REMANDED with instructions to affirm the judgment of the bankruptcy court.

---

[8]The district court's opinion suggests that the bankruptcy court's relief from stay order allowed Community Bank only to foreclose on the property, and not to obtain a determination of the amount to which Community Bank was entitled. *See Community Bank,* 187 B.R. at 23. There is nothing in the relief from stay order to suggest that this was the case. The relief from stay order stated that Community Bank "may obtain judgment in its foreclosure action" on Torcise's property. A foreclosure action generally includes a determination of the amount of indebtedness. Nothing in the relief from stay order suggests that the foreclosure action that it authorized was to be conducted without a determination of indebtedness.