731 So.2d 1268 (1999)
E.C., individually and as parent and natural guardian of the minor J.K.C., Petitioner,
v.
Lorne KATZ, M.D., et al., Respondents.
No. 92882.
Supreme Court of Florida.
April 1, 1999.
George M. Nachwalter and Sina Negahbani, Miami, Florida, for Petitioners.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, & Ford, P.A., Fort Lauderdale, Florida, for Respondents.
*1269 PER CURIAM.
We have for review E.C. v. Katz, 711 So.2d 1155 (Fla. 4th DCA 1998), which expressly and directly conflicts with Stogniew v. McQueen, 656 So.2d 917 (Fla. 1995), and Jones v. Upjohn Co., 661 So.2d 356 (Fla. 2d DCA 1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented by the conflict is whether Florida law requires identity of parties when collateral estoppel is used defensively. The facts in E.C. are as follows:
In 1990, E.C., the natural mother of J.K.C., petitioned for dissolution of marriage from J.K.C.'s natural father. As part of the issue of child custody, E.C. contended that J.K.C.'s natural father had sexually abused J.K.C. The family court determined that J.K.C. had not been sexually abused.
In 1992, E.C., individually and as natural parent and guardian of the minor J.K.C., filed a lawsuit against Appellees for medical malpractice in failing to properly diagnose the sexual abuse committed against J.K.C. Appellees answered, raising the affirmative defense of collateral estoppel. Appellees subsequently moved for summary judgment on the basis of collateral estoppel, arguing that the finding of no sexual abuse in the dissolution proceeding barred Appellants from suing them for malpractice in failing to diagnose sexual abuse. Following a hearing, the trial court entered final summary judgment in Appellees' favor based only on its conclusion that collateral estoppel barred Appellants' lawsuit against Appellees. Appellants now appeal. The only issue they raise is that collateral estoppel could not bar their lawsuit because neither the parties nor the issues in the instant proceeding are the same as they were in the dissolution proceeding.
E.C., 711 So.2d at 1156. The Fourth District ruled that "the trial court properly determined that under the circumstances of this case, the parties need not be identical." Id. The district court then relied on its own precedent in explaining that "`identity of parties is irrelevant for the application of defensive collateral estoppel.' United Servs. Auto. Ass'n v. Selz, 637 So.2d 320, 322 (Fla. 4th DCA 1994)." E.C., 711 So.2d at 1156. The Fourth District attempted to distinguish its holding from Stogniew by stating that
the Florida Supreme Court has continued to adhere to [mutuality of parties] in the context of offensive use of collateral estoppel. See Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984); Stogniew, 656 So.2d at 917. However, the instant case is different because it involves a defensive use of collateral estoppel. Thus, our reliance on Selz, which specifically states that "identity of parties is irrelevant for the application of defensive collateral estoppel," does not run afoul of the Florida Supreme Court's reluctance to adopt the federal courts' wholesale abolition of the mutuality of parties requirement.
Id. at 1157. We disagree.
The question of whether Florida law requires mutuality of parties under the doctrine of collateral estoppel was answered by this Court in Stogniew, wherein this Court held that "Florida has traditionally required that there be a mutuality of parties in order for the doctrine to apply. Yovan v. Burdine's, 81 So.2d 555 (Fla. 1955). Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action." Stogniew, 656 So.2d at 919 (citation omitted). This Court further explained that the sole exception "in which this Court has not strictly adhered to the requirement of mutuality of parties is Zeidwig [v. Ward, 548 So.2d 209 (Fla.1989)]." In that case, a criminal defendant who had unsuccessfully brought an ineffective assistance of counsel claim in a postconviction proceeding was held to be collaterally estopped from raising the same claim in a legal malpractice action against his former lawyer. We stated:

*1270 If we were to allow a claim in this instance, we would be approving a policy that would approve the imprisonment of a defendant for a criminal offense after a judicial determination that the defendant has failed in attacking his conviction on grounds of ineffective assistance of counsel but which would allow the same defendant to collect from his counsel damages in a civil suit for ineffective representation because he was improperly imprisoned. To fail to allow the use of collateral estoppel in these circumstances is neither logical nor reasonable.
Stogniew, 656 So.2d at 919 (quoting Zeidwig, 548 So.2d at 214). This Court explicitly rejected the "contention that as a result of Zeidwig there is no longer a requirement of mutuality for purposes of collateral estoppel," explaining that Zeidwig constitutes a "narrow exception" in which collateral estoppel is permitted in a defensive context "and then only under the compelling facts of that case."[1]Id.; see Jones, 661 So.2d at 357-58 (holding that "Zeidwig is limited to ineffective assistance of counsel claims and subsequent legal malpractice claims."). Two things are clear pursuant to a fair reading of Stogniew: (1) the requirement of mutuality of parties is a general rule that applies to its defensive use; and (2) the sole exception to this rule carved out in attorney malpractice suits following resolution of ineffective assistance of counsel claims is to be read as narrowly as possible-this Court could not have made its limitation of Zeidwig any greater. See Stogniew, 656 So.2d at 919.
In the present case, it is clear that collateral estoppel does not bar relitigation of the alleged abuse of J.K.C. because the respondents were not parties to the previous proceeding. This case falls squarely within our traditional requirement that there be mutuality of parties in order for collateral estoppel to apply defensively.
Accordingly, we quash the Fourth District's decision below and approve the cases in conflict.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] This Court expressly parted with federal law on this issue by stating that "we are unwilling to follow the lead of certain other states and of the federal courts in abandoning the requirements of mutuality in the application of collateral estoppel. The same arguments were made and rejected in Romano, [450 So.2d at 845-46]." Stogniew, 656 So.2d at 919-20. We reaffirm our stated rationale for the departure from federal law: "We are not convinced that any judicial economies which might be achieved by eliminating mutuality would be sufficient to affect our concerns over fairness for the litigants." Id. at 920.