ORFINGER, R. B., J.
Dempsey appeals from two final summary judgments rendered by the circuit court in favor of two groups of defendants: the law firm of Cauthen & Odham, P.A. and two attorneys of that firm, David E. Cauthen and Timothy S. Keough; and individual defendants, Michael Hardick, Rudolph L. Hardick and Montgomery Goodrich. Because the extensive procedural history of this case can be found in this court’s earlier opinion in Dempsey v. Law Finn of Cauthen & Odham, P.A., 752 So.2d 107 (Fla. 5th DCA 2000), we set forth only those facts as are necessary to understand the narrow issues presented by this appeal. On May 4, 1992, Dempsey obtained a judgment against RDMH, Inc. and Rudolph Hardick. While that case was on appeal, a company owned by Har-dick obtained a judgment against Dempsey and sought to levy on the judgment Dempsey had obtained in the first suit. On October 14, 1992, the judge in the second suit issued an order prohibiting Dempsey from executing on the judgment he had obtained against RDMH, Inc. and Hardick while the matter was on appeal.[1] In contravention of that order, Dempsey docketed a writ of execution, instituted proceedings to levy on property in Lake County and had a sheriffs sale scheduled for December 2,1992. On December 1,1992, the Lake County Sheriffs Department, Har-dick and RDMH brought a declaratory relief action against Dempsey seeking a determination of Dempsey’s right, if any, to have execution issue and a sheriffs sale conducted in light of the court’s order prohibiting Dempsey from executing on his judgment. Cauthen & Odham, P.A. and attorneys Cauthen and Keough represented Hardick and RDMH in that action. The Sheriff canceled the December 2, 1992 sale. Dempsey then filed suit against Ap-pellees alleging that Appellees had wrongfully prevented him from executing on his judgment by instituting the declaratory relief action.
The circuit court entered summary final judgments in favor of Appellees finding that the uncontroverted evidence demonstrated that the sheriffs sale was not canceled because of the declaratory judgment suit or any action of the Appellees; rather, the sale was canceled because the Sheriff had become aware of the court order prohibiting Dempsey from executing on his judgment. The record evidence, consisting of unrebutted affidavits from the Sheriffs attorney and one of the Sheriffs employees, revealed that the Sheriff alone made the decision to cancel the sale without any pressure or influence from Appellees. The circuit court also concluded that since Dempsey was not entitled to execute on the property, he could not have been damaged by cancellation of a sheriffs sale that he was not entitled to have conducted.
Having reviewed the record before this court, we conclude that the circuit court was correct as a matter of law in granting summary final judgment in favor *1143 of Appellees, as Dempsey failed to demonstrate the existence of any dispute as to the material facts relevant to his claims against Appellees. A movant for summary judgment has the initial burden of demonstrating the non-existence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with some evidence sufficient to show a genuine issue. It is not enough to simply assert that an issue does exist. See Landers v. Milton, 370 So.2d 368, 369 (Fla.1979). Accordingly, the summary final judgments are affirmed.
AFFIRMED.
COBB, J., concurs.
GRIFFIN, J., concurs in result only.

. This ruling was an improper vehicle for staying a final judgment rendered in another court for which no supercedes bond had been posted. Dempsey, 752 So.2d at 108; see Fla. R. Civ. P. 1.550.