[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

No. 11-14458
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00255-WTH-TBS


JAMES RUSSELL, etc.,

                                                              Plaintiff,


SHANNON RUSSELL,
as daughter and personal representative
of the estate of her mother, Rose Ann Eaton,
deceased,

                                                              Plaintiff - Appellant,

                              versus

PHILLIP MORRIS USA, INC.,
a foreign corporation,

                                                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 27, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Shannon Russell, as representative of Rose Anne Eaton's estate, seeks to apply the findings in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006) (per curiam),[1] to prove that Marlboro cigarettes were defectively designed. Phillip Morris USA, Inc., the manufacturer of Marlboro cigarettes, argues that Russell cannot rely on *Engle* because Eaton is not a member of the *Engle* class and that under Florida law collateral estoppel cannot be applied in this case. After reviewing the briefs and the case law, we affirm the district court's grant of summary judgment in favor of Phillip Morris.

Russell filed a wrongful death action on behalf of her mother alleging that her mother died of lung cancer caused by a lifetime of smoking Marlboro

---

[1] In *Engle* the Florida Supreme Court decertified the class, but permitted members of the *Engle* class to rely on the jury's "Phase I common core findings." *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1269 (Fla. 2006). The Court also closed the class of plaintiffs eligible to rely on the *Engle* findings in order to ensure that the class was not open ended. *Id.* at 1255.

cigarettes. Eaton's lung cancer was not diagnosed until 2006. Russell admitted to the district court that she could not prove her claims without relying on *Engle*.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We give preclusive effect to state court judgments when two conditions are met: "(1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." *Quinn v. Monroe Cnty*, 330 F.3d 1320, 1329 (11th Cir. 2003). Florida law requires mutuality of parities in order to apply collateral estoppel. *E.C. v. Katz*, 731 So. 2d 1268, 1269 (Fla. 1999) (per curiam). "[U]nless both parties are bound by the prior judgment, neither may use it in a subsequent action." *Id.* (quoting *Stogniew v. McQueen*, 656 So. 2d 917, 919 (Fla. 1995)).

Eaton is not a member of the *Engle* class and cannot now seek to join it because the Florida Supreme Court held that the cut-off date for inclusion was November 21, 1996. *Engle*, 945 So. 2d at 1255. Thus, Eaton was not a party to

the *Engle* case and cannot now rely on the findings in that case under Florida law. *See R.J. Reynolds Tobacco Co. v. Brown*, 70 So. 3d 707, 715 (Fla. App. 2011) (finding that plaintiffs must prove that they are a member of the *Engle* class). Because Russell conceded that she could not prove her claim without *Engle* and she is barred from relying on *Engle*, we affirm the district court's grant of summary judgment in favor of Phillip Morris.

    **AFFIRMED.**