[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13553
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cv-00404-RBD-LRH

TIMOTHY P. MURPHY,

Plaintiff-Appellant,

versus

SUSAN STACY,
Circuit Court Judge,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 20, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Timothy P. Murphy, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the Honorable Susan Stacy (Judge Stacy), a Florida state circuit court judge who presided over a portion of Murphy's state foreclosure proceedings.  Murphy presents two arguments on appeal:  first, that the district court erred in denying his motion for entry of clerk's default and second, that the district court erred by considering and applying judicial immunity in granting Judge Stacy's Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6) motion to dismiss.  We do not have jurisdiction to review the magistrate judge's denial of Murphy's motion for entry of clerk's default, and therefore must dismiss that claim.  And because Judge Stacy was entitled to judicial immunity, we affirm the district court's grant of her motion to dismiss.

## I.  Background

Judge Stacy presided over a portion of foreclosure proceedings against Murphy in Florida state court, which ultimately ended in a default judgment being entered and enforced against Murphy.  *See Christina Tr./JPMC Specialty Mortg. LLC v. Murphy*, Case No. 2010-CA-005287-14-W (Fla. Cir. Ct. 2010).  In March 2019, Murphy filed the present suit against Judge Stacy in her official capacity in federal court.  In his initial complaint, he alleged that Judge Stacy violated his civil rights during those foreclosure proceedings, in violation of 42 U.S.C. § 1983.  Judge Stacy moved to dismiss Murphy's complaint based, in part, on judicial

2

immunity.  Before the district court ruled on that motion, Murphy filed an amended complaint and objected to Judge Stacy's motion to dismiss.  In his amended complaint, Murphy once again referred to the state court proceedings and alleged that the default judgment in that case was "void."  With regard to Judge Stacy's official conduct enforcing the 2014 default judgment against him, he alleged 14 instances, labeled "issues," that violated his constitutional due process and equal protection rights.  The litany of issues included, *inter alia*, issuing orders (such as a writ of possession of his home and property and allowing opposing counsel to appear telephonically) against court procedure; enforcing a "void" judgment against him despite evidence that the plaintiff in the state court foreclosure proceedings had filed a "sham" complaint and made a fraudulent standing claim; cancelling a hearing Murphy scheduled without reason or notice; allowing opposing counsel to file motions against him and raise an issue without first noticing it, shortening the time for hearing a motion from him; and denying a motion to disqualify Judge Stacy that "was legally sufficient," in violation of Florida law.  The district court denied Judge Stacy's motion to dismiss the initial complaint as moot, given the filing of the amended complaint.  Judge Stacy moved to dismiss the amended complaint on several grounds, including judicial immunity.

Murphy responded in two ways.  First, he opposed Judge Stacy's motion to dismiss, arguing that judicial immunity could not be raised in a Federal Rule

3

12(b)(6) motion and that the immunity did not apply to Judge Stacy's actions because she knew she acted without subject matter jurisdiction in the foreclosure proceedings.  Second, Murphy moved for the district court clerk to enter default against Judge Stacy, pursuant to Federal Rule 55[1] and United States District Court for the Middle District Court of Florida Rule ("Local Rule") 1.07(b).[2]  He claimed

---

[1] Federal Rule 55 states in relevant part as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

Fed. R. Civ. P. 55.

[2] Local Rule 1.07(b) provides:

When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ.

that Judge Stacy had not filed an answer within 14 days of the district court's order denying her motion to dismiss Murphy's initial complaint, as required by the (federal and local) rules of civil procedure and she was therefore in default.

A magistrate judge denied Murphy's motion for entry of a clerk's default, finding that Murphy misunderstood the rules of civil procedure: under those rules Judge Stacy had 14 days to respond to Murphy's amended complaint, which she did by moving to dismiss it. The magistrate judge's order did not state a time for filing objections.

Four days later, the district court granted Judge Stacy's motion to dismiss, concluding she was entitled to judicial immunity, and dismissed Murphy's amended § 1983 complaint with prejudice. Murphy now appeals the district court's denial of his motion for entry of clerk's default,[3] and the district court's grant of Judge Stacy's motion to dismiss. We take each issue in turn.

## II. Analysis

A.  Magistrate Judge's Denial of Murphy's Motion for Entry of Clerk's Default

---

P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed. R. Civ. P. Failing which, the case shall be subject to dismissal 60 days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

U.S. Dist. Ct., M.D. Fla. R. 1.07(b).

[3] Although Murphy asserts that he is appealing the "district court's" order denying his motion for entry of clerk's default, it was the *magistrate judge* who issued the order on this issue.

5

The Federal Rules of Civil Procedure set forth a two-step process for a plaintiff to obtain a default judgment. First, the plaintiff must apply to the clerk for entry of default. Fed. R. Civ. P. 55(a). Second, after receiving the clerk's entry of default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the plaintiff must apply for the court to enter a default judgment. Fed. R. Civ. P. 55(b) (2). Here, Murphy appeals the magistrate judge's order denying his motion for entry of clerk's default—the first step in the process.

Before we can consider Murphy's argument that the magistrate judge erred in denying Murphy's motion for the entry of clerk's default, we must determine that we have jurisdiction to do so. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Wise Alloys, LLC*, 807 F.3d 1258, 1266 (11th Cir. 2015) ("We must *sua sponte* examine the existence of appellate jurisdiction and review jurisdictional issues *de novo*."). "The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). Thus, we have long held that where a party never appealed a magistrate judge's order to the district court, we lack jurisdiction to review the magistrate judge's ruling on appeal. *See id.* at 1362 (holding that we had no jurisdiction to review the

6

magistrate judge's order denying defendant's motion to represent himself because defendant did not appeal the magistrate judge's ruling to the district court); *United States v. Brown*, 441 F.3d 1330, 1352 (11th Cir. 2006) (holding that we lacked jurisdiction to review a magistrate judge's order quashing a subpoena because the appellant never appealed the ruling to the district court). We have applied this jurisdictional rule even where the magistrate judge's order failed to inform a party of the applicable time frame in which to object. *See Schultz*, 565 F.3d at 1361–62.

Here, the magistrate judge—not the district court judge—entered the order denying Murphy's motion for entry of clerk's default. This was an order on a non-dispositive motion, not a report and recommendation. Murphy never appealed that order to the district court. We are therefore without jurisdiction to review the magistrate judge's order and must dismiss Murphy's related claim.

B. District Court's Grant of Judge Stacy's Rule 12(b)(6) Motion for Failure to State a Claim

We now turn to the portion of Murphy's appeal which we do have jurisdiction to consider: whether the district court erred by granting Judge Stacy's motion to dismiss based on her assertion of judicial immunity. We review a district court's grant of judicial immunity and grant of a Federal Rule 12(b)(6) motion to dismiss for failure to state a claim *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). In so doing, we accept the complaint's allegations as true and construe

7

them in a light most favorable to the plaintiff. *Hill*, 321 F.3d at 1335. We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

On appeal, Murphy raises two chief objections to the district court's grant of Judge Stacy's motion to dismiss. He first argues that the district court should not have considered Judge Stacy's immunity defense in her motion to dismiss because judicial immunity is not one of the seven enumerated defenses under Rule 12(b). That argument does not succeed. One of the seven enumerated defenses in Rule 12(b) is the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A failure to state a claim includes a situation where an affirmative defense clearly precludes the claim. *See Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005) (per curiam); *see also LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)."). Accordingly, a district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity because "the defense is an obvious bar given the allegations." *Sibley*, 437 F.3d at 1070 n. 2.

All of Murphy's allegations relate to Judge Stacy's conduct as a Florida State circuit court judge. If judicial immunity applies, then, it bars Murphy's § 1983 claims entirely. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial

8

immunity is an immunity from suit, not just from ultimate assessment of damages."). The district court therefore did not err in considering whether Judge Stacy was entitled to judicial immunity when ruling on her Federal Rule 12(b)(6) motion.

Next, Murphy argues that the district court erred by dismissing Murphy's amended complaint based on Judge Stacy's judicial immunity. To that end, he asserts that Judge Stacy's actions were not normal judicial functions and that she knowingly acted in the absence of her jurisdiction by presiding over the foreclosure proceedings. We disagree.[4]

A two-part inquiry determines whether judges enjoy absolute immunity: (1) "did the judge deal with the plaintiff in [her] judicial capacity;" and, if yes, (2) did "the judge act[] in the 'clear absence of all jurisdiction.'" *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). We consider four factors to determine whether a judge is acting within the scope of her judicial capacity: whether "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the

---

[4] Because we affirm the grant of judicial immunity, we need not reach Murphy's arguments about qualified immunity or state sovereignty.

judge in his judicial capacity." *Sibley*, 437 F.3d at 1070.  As to the second prong

of the inquiry, this Court has concluded that the "absence of all jurisdiction" means

"a complete absence of subject matter jurisdiction."[5]   *See id.* at 947.  A judge does

not lose immunity "because the action he took was in error," or "was in excess of

his authority." *Stump*, 435 U.S. at 356.

## 1. Judicial Authority

We begin with the first prong.  In his amended complaint, Murphy compiles

a list of 14 actions Judge Stacy performed, which he says violated his civil rights,

including issuing orders, such as a writ of possession of his home, allowing

opposing counsel to appear electronically, enforcing a state court default judgment

against him, and denying Murphy's motion to disqualify Judge Stacy.  These acts

are all normal judicial functions and were performed in Judge Stacy's capacity as

the presiding judge over the foreclosure case against Murphy.  *See Dykes*, 776 F.2d

---

[5] In *Stump*, the Supreme Court approvingly quoted from *Bradley v. Fisher*, 80 U.S. 335
(1871), to further illustrate the meaning and import of the test's second prong:

> Where there is clearly no jurisdiction over the subject-matter any authority
> exercised is a usurped authority, and for the exercise of such authority, when the
> want of jurisdiction is known to the judge, no excuse is permissible. But where
> jurisdiction over the subject-matter is invested by law in the judge, or in the court
> which he holds, the manner and extent in which the jurisdiction shall be exercised
> are generally as much questions for his determination as any other questions
> involved in the case, although upon the correctness of his determination in these
> particulars the validity of his judgments may depend.

*Stump*, 435 U.S. at 356 n.6 (quoting *Bradley*, 80 U.S. at 351–52).

at 945.  Judge Stacy therefore acted within her judicial capacity in taking all of the 14 actions of which Murphy complains.

2. Jurisdiction

Because Judge Stacy acted within her judicial capacity, we can proceed to the next step of the inquiry: whether Stacy acted in the clear absence of all subject-matter jurisdiction.  We conclude that she did not.  By statute, Florida state circuit courts have exclusive original jurisdiction over "all cases in equity."  Fla. Stat. § 26.012(2)(c).  Foreclosure cases sound in equity.  *See Corbin Well Pump & Supply, Inc. v. Koon*, 482 So. 2d 525, 527 (Fla. 5th Dist. Ct. App. 1986) ("A lien foreclosure is an equitable action.").  And we have recognized that Florida State circuit courts have jurisdiction over foreclosure proceedings.  *See Cmty. Bank of Homestead v. Torcise*, 162 F.3d 1084, 1087 (11th Cir. 1998).  Therefore, as a Florida State circuit court judge, Judge Stacy did not act in the clear absence of all jurisdiction in presiding over the foreclosure case against Murphy.[6]

---

[6] Murphy argues that the state court lost any jurisdiction it may have possessed because the court violated his due process rights by entering a default judgment against him, without notice or hearing after he responded to the complaint.  However, Murphy already raised this argument before the state courts and it was rejected. *See Murphy v. Christiana Trust, et. al.*, 225 So.3d 835 (Fla. 5th DCA 2017) (table).  We have held that § 1983 cannot be used "as a device for collateral review of state court judgments." *Sibley*, 437 F.3d at 1070.  Moreover, even assuming arguendo that Judge Stacy entered a judgment without proper notice and hearing, it would have been at most in error or in excess of her authority, and she would still be entitled to judicial immunity. *Stump*, 435 U.S. at 356; *see also Dykes*, 776 F.2d at 948 (explaining in a parenthetical that "[w]here a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." (quoting *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985))).

Murphy further claims that Judge Stacy acted in the "clear absence of all jurisdiction,"

11

Finally, Murphy argues that all those involved in the state foreclosure action against him—including the judges, the court clerk, the plaintiffs, and the attorneys—are complicit in a conspiracy to deprive Murphy of his constitutional rights. Because Murphy failed to raise this argument before the district court, we will not consider it on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

We therefore **AFFIRM** in part and **DISMISS** in part for lack of jurisdiction.

---

because the foreclosure plaintiff never established it had standing. Even assuming *arguendo* the plaintiff did not have standing, a lack of standing does not deprive a circuit court of subject matter jurisdiction. *See Godfrey v. Reliance Wholesale, Inc.*, 68 So. 3d 930, 932 (Fla. 3d Dist. Ct. App. 2011) (holding that a lack of standing does not deprive a Florida court of its subject matter jurisdiction). Therefore, this argument fails.