SCHWARTZ, ALAN R., Associate Judge.
The plaintiff-appellant sued the defendant-appellee for money damages arising out of an alleged breach of contract. Pursuant to Fla.Rule of Civil Procedure 1.110(d), the defendant raised the affirmative defense that the admittedly unsecured debt sued upon had been discharged in bankruptcy. At the non jury trial the defendant introduced in support of this defense only a “Final Decree” entered by a Bankruptcy Judge which reflected that Comprehensive Communities had been in *126 volved in Chapter XI proceedings under the Bankruptcy Act and that the “estate [was] . . . closed;” the “Final Decree” did not reflect — and there was no other evidence presented as to these issues —that a plan of arrangement under Chapter XI had been presented to the Bankruptcy Court; that any plan had actually been approved; or, most importantly, that any such plan made any provision either for the plaintiff’s claim specifically or those in its class generally. The trial judge nonetheless entered a final judgment for the defendant on the sole ground that the cause of action had been in fact “discharged in bankruptcy.” We reverse the judgment for a new trial upon a holding that the evidence presented below was insufficient, as a matter of law, to support the affirmative defense relied upon.
The purpose of a Chapter XI proceeding is to keep a debtor out of “ordinary” bankruptcy if he can offer an “arrangement” for the payment of his debts which is fair and acceptable to most of his creditors. 9 Remington on Bankruptcy, § 3565, p. 202. Such an arrangement may provide for the payment of all, or only some, of the debtor’s unsecured creditors, and may treat different classes of creditors in different ways. 9 Remington on Bankruptcy, § 3587, p. 230, § 3606, p. 246. The effect of any such arrangement upon the issue before us — the discharge of a particular debt — is treated very directly in § 371 of the Bankruptcy Act itself. 11 U.S.C.A., § 771 provides:
“The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under section 35 of this title, are not dischargeable.” [emphasis supplied]
A simple reading of this statutory provision, without more, compels the conclusions both that a debt, such as the plaintiff’s here, may well not be discharged by the confirmation of a plan of arrangement (assuming both the existence of such a plan and the fact of its confirmation), and, therefore, that the affirmative defense of discharge may not be sustained merely by a showing that a Chapter XI proceeding once existed and then was terminated. As is said in 9 Collier on Bankruptcy, § 9.-32 [4] pp. 406-407:
“A debt is not discharged by confirmation of a plan unless it is ‘provided for by the arrangement.’ A plan need not necessarily deal with creditors. It can deal with all unsecured debts on a parity; or it can divide the unsecured debts into classes and treat the classes in different ways or upon different terms; or it can divide the unsecured debts into classes and deal with one or more of the classes but not with all of them. In requiring that a debt be ‘provided for by the arrangement’ in order to be discharged by confirmation, § 371 means that the plan must deal with that debt by providing for the payment of some consideration to the holder of that debt. If a plan does not provide for the payment of some consideration for the modification or alteration of a creditor’s rights, the debt owed to that creditor is not affected by the discharge which results from confirmation of the plan. A creditor ‘provided for by the arrangement’ should not be confused with a creditor ‘affected’ by the plan. Under § 308, a creditor is ‘deemed’ to be ‘affected’ by an arrangement only if his interest shall be materially and adversely affected thereby.’ Whether or not the creditor is being dealt with in the plan is not determinative of whether he is affected by it. A creditor not dealt with may be ‘affected’ by the plan, but since he is not ‘provided for by the arrangement' the debt owing to him is not discharged by confirmation of the plan.”
 The appellee argues that the fact that the plaintiff failed to file a claim in *127 the Chapter XI proceeding despite its awareness of its pendency automatically precludes recovery. This contention misses the mark entirely. It is plain that a particular debt may, or may not be discharged regardless of whether a creditor filed a claim. As Collier goes on to say at § 9.-32 [4], p. 407:
“A creditor ‘provided for by the arrangement’ likewise should not be confused with a creditor listed in the schedules of the debtor, since there is no necessary relationship between the two. A creditor may be scheduled, but not provided for by the plan, and therefore the debt owing to him would not be discharged by confirmation. On the other hand, a creditor may not be scheduled and yet be provided for by the plan, as where the plan provides for all unsecured creditors. That offer extends to unscheduled as well as scheduled secured creditors, and if an unscheduled creditor timely files his claim and it is allowed, he participates in the distribution of the consideration and receives the rights provided by the plan. Whether or not the unscheduled creditor files his claim, since it is provided for by the plan it is discharged by confirmation if the creditor had timely notice or knowledge of the case and the debt otherwise comes within § 371.” [emphasis supplied]
As our rules specifically provide, the defense of discharge in bankruptcy must be pleaded and proven by the party relying upon it. See also, e.g., Helms v. Holmes, 4 Cir. 1942, 129 F.2d 263; Personal Indus. Loan Corp. v. Forgay, 10 Cir. 1957, 240 F.2d 18, cert. denied, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957), 8 Remington on Bankruptcy, §§ 3240-3241, pp. 70-72. In the case of an “ordinary” bankruptcy, introduction of the “discharge in bankruptcy” is prima facie proof of the discharge of a particular claim. E.g., U.S.F & G Co. v. Tanner, D.Colo.1968, 279 F.Supp. 396, 399. In this instance, however, essentially because, as we have seen, a discharge may be effected under Chapter XI only because and under the terms of the arrangement and the order confirming it, both of these documents are required to sustain the debtor’s affirmative burden. The case is remanded so as to allow the defendant the opportunity properly to demonstrate the discharge and, if it cannot, for the Court to enter such judgment on the merits of the plaintiff’s cause of action as it deems appropriate.
Reversed and remanded.
WALDEN, C. J., and OWEN, J., concur.