588 So.2d 51 (1991)
A.M. HOCHSTADT, Appellant,
v.
ORANGE BROADCAST, etc., et al., Appellees.
No. 90-2752.
District Court of Appeal of Florida, Third District.
October 29, 1991.
*52 Norman Malinski, Miami, for appellant.
Corlett, Killian, Ober & Levi and Love Phipps, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
A.M. Hochstadt appeals from an order of final summary judgment entered on the basis of collateral estoppel. We affirm.
In 1984, Hochstadt loaned $53,400 to his nephew Michael Siegel, d/b/a Pacific Metrocom Northwest. The loan was made payable to Orange Broadcast and VanThorre. Hochstadt took a personal guaranty of the debt from Siegel and Doug VanThorre. In June, 1985, $38,000 of the loan was repaid; the remaining $15,400 was repaid to Hochstadt in the form of equipment in 1986.
In 1988, Hochstadt sued Siegel, VanThorre, and Orange Broadcast in Dade County, claiming that a portion of the loan had not been repaid and alleging fraud. While the Dade County action was pending, Siegel filed for bankruptcy in the United States District Court for the Middle District of Florida. The Dade County suit was stayed pending the outcome of the bankruptcy action.
In the bankruptcy action, Hochstadt sued Siegel, again alleging that the 1984 loan remained unpaid, and claiming fraud. Following a two-day trial, the bankruptcy court found that the debt had been repaid in full, and that no fraud had been shown. When the bankruptcy action was over, the Dade County suit proceeded. Hochstadt sought to relitigate the same issues that he had unsuccessfully litigated in the bankruptcy action, but sought relief against VanThorre and Orange Broadcast as well as Siegel. Defendants moved for summary judgment on the ground that relitigation of the issues was barred by the doctrine of collateral estoppel. The trial court granted defendants' motion for summary judgment. Hochstadt appeals.
We agree with the trial court that Hochstadt was collaterally estopped from relitigating in state court the same issues that were first litigated in the federal bankruptcy action. Because the first judgment was rendered by a federal court, federal principles of collateral estoppel apply. Cf. Aerojet-General Corp. v. Askew, 511 F.2d 710 (5th Cir.1975) (federal law governs question of whether prior federal court judgment based on diversity jurisdiction is res judicata in case brought under federal question jurisdiction), cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); see generally, 18 Wright, Miller, & Cooper, Federal Practice & Procedure § 4472 (1981 & Supp. 1991) ("The res judicata effects of a judgment are determined by the law of the court that rendered the judgment.") (citing Degnan, Federalized Res Judicata, 85 Yale L.J. 741 (1976).
Federal principles of collateral estoppel[1] preclude relitigation of issues actually litigated in a prior proceeding, where the issues at stake are identical, and where determination of those issues was a critical and necessary part of the first litigation. Stovall v. Price Waterhouse Co., 652 F.2d 537, 540 (5th Cir.1981). Identity of parties *53 is not required when collateral estoppel is used defensively.[2]Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468, 1473 (11th Cir.1986) ("A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff.")[3] In determining whether collateral estoppel applies, judgments rendered by a bankruptcy court are entitled to same the weight as judgments from other federal trial courts. See Miami Center Ltd. Partnership v. Bank of New York, 838 F.2d 1547 (11th Cir.) (once bankruptcy action final, issues adjudicated in that action could not be relitigated in fraud/RICO case), cert. denied, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988); cf. Freehling v. MGIC Fin. Corp., 437 So.2d 191 (Fla. 4th DCA 1983) (findings and conclusions of bankruptcy court could have bound state court under res judicata if there had been identity of thing sued for in two actions).
The bankruptcy court determined by a preponderance of the evidence that Hochstadt's loan had been repaid in full. The standard of proof required to prove that claim in bankruptcy court is the same standard required in state court. See Grogan v. Garner, ___ U.S. ___, 111 S.Ct. 654, 657, 112 L.Ed.2d 755, 762-63 (1991) (validity of creditor's claim determined by rules of state law) (citations omitted), and Klein v. Witte, 142 So.2d 789, 790 (Fla. 2d DCA 1962) ("It is likewise elementary that when the defendant in an action on a promissory note tenders a plea of payment the burden is on him to prove his plea by a preponderance of the evidence.") (citations omitted). The issue tried in the bankruptcy action was thus identical to that raised in the state court action; the bankruptcy court actually determined that the debt had been repaid, and the finding of repayment was critical to the bankruptcy judgment. Because Hochstadt failed to prove that Siegel had not repaid the debt, he was not entitled to retry that issue in state court.[4] Although two of the parties in the state action were not parties to the bankruptcy action, the bankruptcy judgment nevertheless still precludes the state court claims because the doctrine of collateral estoppel was applied defensively.
We find no merit in the remaining points on appeal.
Affirmed.
NOTES
[1] The doctrines of collateral estoppel and res judicata both concern the preclusive effect of a prior adjudication. Res judicata precludes relitigation of the same claim between the same parties on the same cause of action; collateral estoppel precludes the relitigation of issues actually adjudicated. See 18 Wright, Miller, & Cooper § 4402. Courts often use the term "res judicata" to encompass both issue preclusion and claim preclusion. Id.
[2] Defensive collateral estoppel "occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." Parklane Hosiery v. Shore, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552, 559 n. 4 (1979).
[3] Even if Florida principles of collateral estoppel were to control the outcome of this appeal, the same result would obtain. Mutuality of parties is no longer required when collateral estoppel is used defensively, as it was in this case. See Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989) (identity or mutuality of parties not required for the defensive use of collateral estoppel; criminal defendant prevented from relitigating, in a civil suit, same claims previously litigated in criminal proceeding.)
[4] Because the bankruptcy court determined that the debt was repaid in full, the issue of whether the debt was nondischargeable because of fraud became moot.