630 So.2d 207 (1993)
BAXAS HOWELL MOBLEY, INC., Appellant,
v.
BP OIL COMPANY, Appellee.
No. 93-524.
District Court of Appeal of Florida, Third District.
December 21, 1993.
Rehearing Denied February 15, 1994.
*208 Robert C. Eber, Miami, for appellant.
Fine Jacobson Schwartz Nash & Block, and Anthony J. Carriuolo, Fort Lauderdale, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
GERSTEN, Judge.
The appellant, Baxas Howell Mobley, Inc. (broker), appeals a final summary judgment in favor of appellee, BP Oil Company (buyer), on a complaint for breach of oral commission agreements. We reverse.
The issue in this case is whether a prior judgment against the broker for a commission from the seller bars the broker's subsequent action against the buyer.
The broker sought to acquire a parcel of land on behalf of the buyer. The buyer allegedly offered a commission to the broker, and to a cooperating broker for the seller, if the buyer acquired the entire property from the seller.
Subsequently, the seller agreed to lease a portion of the land to the buyer. Before the lease began, the seller filed for bankruptcy. With court approval, the buyer then purchased the property from the seller's bankruptcy estate and indemnified the seller for real estate commissions arising out of the transaction.
In bankruptcy court, the broker and the cooperating broker moved for an order for commissions arising from the sale of the property. The bankruptcy court denied the *209 order and concluded that the brokers were not entitled to commissions because: 1) neither the broker nor the cooperating broker were ever employed by the seller; and 2) the brokers were not the procuring cause of the sale since they did not effectuate the court-approved sale of the property.
In this state court action, the broker sued the buyer in contract based upon their purported oral commission agreement. Under this agreement, the broker would first seek its commission from the seller; then, if the seller did not pay, the buyer would be obligated to pay the commission.
The broker asserts that the commission agreement between the broker and the buyer was not before the bankruptcy court. Accordingly, it cannot be barred from bringing its claim against the buyer.
The buyer contends that the doctrines of issue and/or claim preclusion prohibit relitigation of the oral commission agreement. Although not a party to the seller's bankruptcy proceedings, the buyer claims privity with the seller through their indemnification agreement. Therefore, the buyer contends he is bound by the bankruptcy proceedings and cannot be sued by the broker.
We first determine that this action is not barred by claim preclusion. The doctrine of claim preclusion, or res judicata, requires that four elements be met: 1) identity in the thing sued for in both actions; 2) identity of the cause of action; 3) identity of the parties to the actions; and 4) identity of the quality or capacity of the persons for or against whom the claim is made. Albrecht v. State, 444 So.2d 8, 12 (Fla. 1984); West v. Kawasaki Motors Mfg. Corp., 595 So.2d 92, 94 (Fla. 3d DCA), review denied, 604 So.2d 489 (Fla. 1992); Seaboard Coast Line R.R. v. Industrial Contracting Co., 260 So.2d 860, 862 (Fla. 4th DCA 1972).
Here, there is no identity of the causes of action. To determine whether they are identical, the facts constituting the underlying transactions must be compared. Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc., 448 So.2d 546 (Fla. 3d DCA 1984), review denied, 458 So.2d 274 (Fla. 1984). In the bankruptcy action where the brokers claimed commissions from the seller's estate, the facts concerned a purported oral agreement between the cooperating broker and the seller. In contrast, the state court cause of action is for breach of a different oral commission agreement, one between the broker and the buyer. Where the causes of action are not identical, the defense of claim preclusion does not bar the subsequent court proceeding. Albrecht, 444 So.2d at 12.
Because this action is not barred by the doctrine of claim preclusion, or res judicata, our next consideration is whether the theory of issue preclusion supports the summary judgment below. We conclude that this action is not barred by issue preclusion.
In determining whether to apply issue preclusion, or collateral estoppel, a prior ruling by a bankruptcy court is entitled to the same weight given judgments from other federal trial courts. Hochstadt v. Orange Broadcast, 588 So.2d 51, 52 (Fla. 3d DCA 1991); Miami Center Ltd. Partnership v. Bank of New York, 838 F.2d 1547 (11th Cir.), cert. denied, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988). Because the first judgment was rendered by a federal court, federal principles of issue preclusion apply. Hochstadt, 588 So.2d at 52.
The theory of issue preclusion requires that: 1) the issue at stake is identical to the one involved in the prior litigation; 2) the issue has been actually litigated in the prior suit; 3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and, 4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. Id.; S.E.L. Maduro (Florida), Inc. v. M/V Antonio De Gastaneta, 833 F.2d 1477, 1483 (11th Cir.1987); A.J. Taft Coal Co. v. Connors, 829 F.2d 1577, 1580 (11th Cir.1987); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir.1986).
Here, the issue is not identical to the issues involved in the prior bankruptcy litigation. The issue here is the existence of a commission agreement between the broker and the buyer, whereas in the bankruptcy *210 action the parties litigated whether the broker and the cooperating broker were employed by the seller and were the procuring cause of the sale. Because the issue at stake is not identical to those in the prior proceeding, issue preclusion will not support summary judgment. Hochstadt, 588 So.2d at 52.
Indeed, the bankruptcy court acknowledged this issue remained to be litigated when it stated in its decision that, "[t]he [bankruptcy court] findings set forth herein should not be construed to bind the [broker] or the buyer of [this] property in any subsequent litigation between those parties which may arise in another forum." Because we conclude that the buyer failed to establish the elements of claim preclusion or issue preclusion, we reverse the final summary judgment as a matter of law.
Reversed and remanded.