SCHWARTZ, Chief Judge.
The appellant, Soares Da Costa Contractor, Inc., a lender and the general contractor in a failed building project owned and developed by Edel International Developers, Ltd., and then a secured creditor when Edel went into Chapter 11 bankruptcy, appeals from an adverse summary judgment for Langer Electric Company, one of Soares’ subcontractors on the job and an un secured creditor in E del’s bankruptcy estate, in an action for money damages for breach of the subcontract. The ruling was based on the determination that the order confirming the Chapter 11 plan of arrangement was res judicata in the instant action between Soares and Langer. We reverse for determination on the merits.
This ruling is founded on the absence of the core requirement for giving preclusive effect to a previous judgment under the federal rule which applies here or any other: that it have indeed “adjudicated” the issues sought to be foreclosed. See National Union Fire Ins. Co. v. Grusky, 763 So.2d 1206 (Fla. 3d DCA 2000); Baxas Howell Mobley, Inc. v. BP Oil Co., 630 So.2d 207 (Fla. 3d DCA 1993). The judgment involved in this case, Edel’s Chapter 11 confirmation order, did not and indeed could not do more than deal with the debt- or’s rights and obligations with its own creditors and claimants. It did not and indeed could not concern the rights and obligations inter se of two other entities, the present parties, which had in common in the Chapter 11 proceeding only that they both happened to be creditors of the same debtor. See Collier on Bankruptcy ¶ 1100.09[2] (16th ed. rev.2001).
As demonstrated by Wellington-Hall, Ltd. v. Comprehensive Communities Corp., 321 So.2d 124 (Fla. 4th DCA 1975), the fact that the order of confirmation did not adjudicate the present controversy alone requires reversal. Wellington, which dealt specifically with the preclusive effect of the conclusion of a Chapter 11 proceeding, held that the only claims foreclosed for future litigation were those specifically determined in the order of confirmation. Collier, supra, ¶ 1141.02[4]. In applying this rule to the facts of this case we need go no further than two post-confirmation orders of the venerable Judge Cristol in the bankruptcy court, which so held in so many words. The first provides:
THIS CAUSE came before the Court for hearing on November 14, 2000, upon the motion of Soares Da Costa Contractor, Inc. (“Soares”), a secured creditor, to reopen this case pursuant to 11 U.S.C. § 350 and to clarify this Court’s Order of May 24, 2000, confirming the Debtor’s amended plan of liquidation (the “Motion”). The Court heard the argument of Soares and Langer Electric Company (“Langer”), an unsecured creditor of the Debtor. Additionally, the Court has considered the persuasive comments of the U.S. Trustee’s Office, which were consistent with the conclusions contained herein. The purpose of the Motion was to obtain a clarification of the Confirmation Order with respect to this Court’s jurisdiction over and adjudication of claims and disputes between creditors, specifically Soares and Langer.
Since 1983 and the Supreme Court’s ruling in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., [458 U.S. 50,] 102 S.Ct. 2858[, 73 L.Ed.2d 598] (1982) bankruptcy courts have had no subject matter jurisdiction over non-core unrelated proceedings such as the claims and disputes which were pending in Miami-Dade County Circuit Court between *158 Soares and Langer. The Confirmation Order only resolved claims which were being asserted against the Debtor.
Accordingly, it is ORDERED AND ADJUDGED that the Chapter 11 case of the above styled Debtor is reopened for the limited purpose of modifying and clarifying the Confirmation Order nunc pro tunc to provide that: this Court has no subject matter jurisdiction over and does not adjudicate the claims and disputes pending in Miami-Dade County Circuit Court between creditors Soares Da Costa Contractor, Inc. and Langer Electric Company.
On rehearing, this decision was reiterated and expanded:
In the Rehearing Motion, Langer requests that the Court vacate its Order Granting Motion to Reopen the Case for the Limited Purpose of Modifying Confirmation Order (“Clarifying Order”) dated November 20, 2000. The Clarifying Order clarified that the Confirmation Order entered in this case did not adjudicate the pending state law claims between Langer and Soares because neither the plan nor the Confirmation Order provide jurisdiction over non-core state court claims between non-debtors. See Northern Pipeline Const. Co. v. Marathon Pipeline[Pipe Line] Co., 458 U.S. 50, 102 S.Ct. 2858[, 73 L.Ed.2d 598] (1982). In its Rehearing Motion, Lan-ger argues that the Court must vacate the Clarifying Order, pursuant to Rule 59, Fed.R.Civ.P., to correct a clear error of law or prevent manifest injustice. See Deutsch v. Burlington Northern Ry.[Railroad] Corp.[Co.], 983 F.2d 741 (7th Cir.1992), cert. denied, [507 U.S. 1030,] 113 S.Ct. 1845[, 123 L.Ed.2d 470] (1993). Specifically, Langer argues that the Court erred, as a matter of law, by failing to hold that the pending state law claims between Langer and Soares were resolved by the Confirmation Order pursuant to the doctrine of res judicata. Langer relies on Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir.1990) and Kaiser Aerospace and Electronics Corp. v. Teledyne Industries, Inc., 229 B.R. 860 (S.D.Fla.1999) in support of the Rehearing Motion.
Kaiser Aerospace actually supports the Clarifying Order. See Kaiser Aerospace, 229 B.R. at pp. 874-77 (district court affirmed bankruptcy court’s refusal to extend res judicata to a confirmation order where the claims sought to be barred could not have been appropriately resolved in connection with confirmation, but rather, constituted private disputes between non-debtor parties, the resolution of which would have no effect on the estate being administered). Like the legal claims described in Kaiser Aerospace, the legal disputes by and between Soares and Langer, are not core proceedings, nor does the resolution of those disputes fall within the “related to” jurisdiction of the Court because the resolution of the disputes between Soares and Langer have no conceivable effect upon the estate administered in this case. See 28 U.S.C. § 157; and Kaiser, 229 B.R. at 874-75.
Furthermore, Justice Oaks is readily distinguishable from the case sub judice. Unlike the disputes between Soares and Langer, the disputes that were barred by res judicata in Justice Oaks had an obvious impact upon the estate being administered pursuant to the confirmation order. See Justice Oaks, 898 F.2d at 1550-52. Specifically, the disputes that were barred by res judicata in Justice Oaks included (a) the imposition of an equitable lien against proceeds from the sale of property, which proceeds were allocated under the confirmed plan, and (b) the equitable subordination of the claims of the very creditors who received the proceeds from the property under the confirmed plan. See Id. at *159 1547. Here, the disputes between Soares and Langer have no impact on how the bankruptcy estate would be administered. The disputes deal solely with whether Langer is entitled to monetary damages from Soares based upon facts arising prepetition which are unrelated to this bankruptcy case. Moreover, unlike the disputes between Soares and Langer, the Eleventh Circuit specifically found in Justice Oaks that the disputes which were barred were or could have been raised in an objection to confirmation. See Id. at 1551. Here, the disputes between Soares and Langer could not have been raised in connection with the hearing on confirmation because this Court has no power to adjudicate, render final judgment, or issue binding orders in contract actions between two non-debtor parties that arise under state law and which do not affect the bankruptcy estate. See Northern Pipeline Const Co. v. Marathon Pipeline[Pipe Line] Co., 458 U.S. 50, 102 S.Ct. 2858[, 73 L.Ed.2d 598] (1982).
Accord National Union Fire, 763 So.2d at 1206 (subsequent action between creditors for fraudulent transfer not barred by claim preclusion because issue was not and could not be litigated in debtor’s earlier bankruptcy court proceeding); Baxas Howell Mobley, 630 So.2d at 207 (prior claim in bankruptcy court by broker for commission from seller’s estate not a bar to broker’s later action in state court for commission from buyer). See generally Collier, supra, ¶ 1141.02[4]. See also Southern Bell Tel. & Tel. Co. v. Robinson, 389 So.2d 1084 (Fla. 3d DCA 1980)(collat-eral estoppel requires judgment between adversaries).
Reversed and remanded.