830 So.2d 120 (2002)
Frank AMADOR, Appellant,
v.
FLORIDA BOARD OF REGENTS on behalf of FLORIDA INTERNATIONAL UNIVERSITY, Appellee.
No. 3D02-140.
District Court of Appeal of Florida, Third District.
August 14, 2002.
Opinion Denying Rehearing November 6, 2002.
*121 James H. Greason, Miami, for appellant.
Vernis & Bowling of Miami, P.A., and Scott A. Forman and Patrick H. Gonyea, North Miami, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.
COPE, J.
After removal of this case, the federal court entered judgment in favor of the defendants on the federal claims, and remanded the state whistle-blower claim to the state court for a decision. We agree with the trial court that federal rules of issue preclusion apply, and affirm the summary judgment entered by the trial court on the whistle-blower claim.

I.
Plaintiff-appellant Frank Amador was hired as a warehouse receiving clerk within the maintenance department at Florida International University ("FIU"). He subsequently complained to FIU's police department that certain employees were stealing university property, including his immediate supervisor and coworkers.
Subsequently the plaintiff received a reprimand for failure to perform job duties. Ultimately he was terminated from employment. The plaintiff asserts that he also was subjected to minor incidents of harassment.
After his termination, the plaintiff filed suit against FIU alleging a violation of the federal Family Medical Leave Act, 29 U.S.C. § 2601 et seq., because he was denied a request for leave. He also sued FIU for violation of Florida's Whistle-Blower's Act, § 112.3187, Florida Statutes (1997). The plaintiff also sued four FIU employees under 42 U.S.C. § 1983, contending that they impermissibly retaliated against him for exercising his First Amendment rights, namely, by reporting the wrongdoing which occurred at the FIU warehouse. The action was filed in the Florida Circuit Court.
The defendants removed the case to the United States District Court for the Southern District of Florida. Judge Middlebrooks entered summary judgment in favor of the defendants on the federal claims, and declined to exercise jurisdiction over the claim that FIU had violated the Florida Whistle-Blower's Act. Amador v. Perello, No. 99-650-Civ-Middlebrooks (S.D.Fla. Aug. 22, 2000). The Whistle-Blower's claim was remanded to the Florida Circuit Court. Id.
The plaintiff appealed the summary judgment on the federal claims to the United States Court of Appeals for the 11th Circuit. That court affirmed in an unpublished opinion. Amador v. Perello, Nos. 00-14725, 275 F.3d 52 and 01-11764, 275 F.3d 54 (11th Cir. Sept. 25, 2001).
On the remanded claim under the Florida Whistle-Blower's Act, the trial court entered summary judgment for FIU, ruling that the state law claim was barred by principles of collateral estoppel. The plaintiff has appealed.

II.
Final judgment has been entered by the federal court on the federal claims in this case.
*122 "Because the first judgment was rendered by a federal court, federal principles of collateral estoppel apply." Hochstadt v. Orange Broadcast, 588 So.2d 51, 52 (Fla. 3d DCA 1991) (citations omitted)[1]; see also Agripost, Inc. v. Miami-Dade County, 195 F.3d 1225, 1230 n. 11 (11th Cir.1999); National Union Fire Ins. Co. v. Grusky, 763 So.2d 1206, 1207 (Fla. 3d DCA 2000); Andujar v. National Property and Casualty Underwriters, 659 So.2d 1214, 1216 (Fla. 4th DCA 1995); Baxas Howell Mobley, Inc. v. B.P. Oil Co., 630 So.2d 207, 209 (Fla. 3d DCA 1993). To illustrate the point, we assume hypothetically that the plaintiff had been allowed to refile his whistler-blower claim in a lawsuit in federal court, and ask what analysis the federal courts would apply with respect to issue preclusion.
Under federal principles, "[i]dentity of parties is not required when collateral estoppel is used defensively." Hochstadt, 588 So.2d at 51-52 (footnotes and citations omitted); see also Parklane Hosiery v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). FIU here wishes to rely on the portion of the federal case in which the federal district court adjudicated the plaintiff's claim against the individual defendants. Although FIU was a party to the action, FIU was not a named defendant on the section 1983 claims.
Since under federal principles FIU is allowed to invoke collateral estoppel defensively, FIU is allowed to rely on those parts of the section 1983 judgment which adjudicated the section 1983 claims against the individual defendants.
In his section 1983 claims, the plaintiff asserted that his complaints about theft in the warehouse amounted to protected speech under the First Amendment, and that he had been discharged in violation of his First Amendment rights. The federal court ruled that the plaintiff's complaints at issue here did not amount to protected speech under the First Amendment. The federal court ruled alternatively that, assuming the speech was protected, there was no causal connection between the speech and the plaintiff's discharge from employment. The court also ruled that there was a lack of causal connection between the plaintiff's speech and his reprimand for failure to perform part of his job responsibilities. The federal court concluded that the reprimand and termination would have occurred even if the plaintiff had made no complaint about the conditions in the warehouse.[2]
It follows that collateral estoppel bars the plaintiff's claims for termination and reprimand under the Florida Whistle-Blower's Act. That is so because of the federal finding of absence of causal connection.

III.
The plaintiff argues that his case should proceed at the least on his claims of other retaliatory conduct. He says that (a) an unidentified person put glue in his *123 office lock; (b) an employee performing welding in an adjacent office caused the plaintiff's office to be filled with smoke; and (c) that the plaintiff's radio transmissions in the course of his work were interrupted by an unidentified person who made goat-like sounds over the radio. The plaintiff points out that the Florida Whistle-Blower's Act is designed to provide remedies for an "adverse personnel action," which is defined as "the discharge, suspension, transfer, or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor." § 112.3187(3)(c), Fla. Stat. (1997) (emphasis added). The Act prohibits adverse personnel actions where an employee has reported wrongful conduct and provides for reinstatement of job, pay, and benefits.
While the Act is aimed primarily at adverse personnel actions in a traditional sense, such as termination, demotion, and loss of pay or benefits, we assume for present purposes that the statute would also reach acts of harassment where there is an indication that the harassment was perpetrated by senior management, or condoned by senior management after senior management became aware of it. But there is no such indication in the present case.
The placing of glue in the lock of the plaintiff's office involved outright damage to FIU's own property, and the welding incident posed a risk of damage. The radio incident amounted to an interruption of the ability of the plaintiff to perform his job duties. There is no evidence that senior management of FIU was implicated in these incidents or condoned them.
Even if the plaintiff could surmount that obstacle, there does not appear to be any applicable remedy under the statute. The act provides remedies in the case of a statutory violation. Id. § 112.3187(9). We assume for purposes of this discussion that the remedies provision may authorize a court to order a prohibition on retaliatory conduct or that the plaintiff be assigned to a different work unit. In the present case this issue is moot, since the plaintiff has been discharged and the federal judgment found that the discharge was for nonretaliatory reasons.
Affirmed.

On Rehearing Denied
COPE, J.
By motion for rehearing the plaintiff argues that our decision is contrary to E.C. v. Katz, 731 So.2d 1268 (Fla.1999). Although we thought our initial opinion was clear on the point, in an abundance of caution we address the issue.
In E.C., the initial judgment had been rendered by a Florida court. In subsequent litigation in a Florida court, the question was whether Florida law allowed collateral estoppel to be applied defensively where the parties were not the same as they had been in the earlier proceeding. The Florida Supreme Court applied the Florida law of issue preclusion, and held that where Florida principles govern, Florida requires complete identity of parties. Id. at 1270.[*]
In the present case, by contrast, the initial judgment was rendered by a federal court. As we explained in our initial opinion, where the initial judgment was rendered by a federal court, federal rules of issue preclusion apply in subsequent litigation in a Florida court. Since federal issue preclusion rules do not require complete *124 identity of parties for the defensive use of collateral estoppel, it follows that collateral estoppel was correctly applied under the facts of the instant case.
Rehearing denied.
NOTES
[1] Although not pertinent to this case, the Hochstadt decision in footnote three indicated that as a matter of Florida law, "[m]utuality of parties is no longer required when collateral estoppel is used defensively ...." Id. at 53 n. 3 (citation omitted). That statement is not correct in light of subsequent Florida precedent. The Florida Supreme Court has stated that Florida adheres to a strict rule of mutuality of parties except in certain criminal cases. E.C. v. Katz, 731 So.2d 1268, 1269-70 (Fla. 1999); Stogniew v. McQueen, 656 So.2d 917, 919-20 (Fla.1995).
[2] The termination occurred when the plaintiff was absent for several days even though his previously approved request for leave was rescinded. According to FIU, the leave was refused because the plaintiff had exhausted his accrued leave time.
[*] There is an exception, id., but it does not apply in this case.