924 So.2d 40 (2006)
The EDUCATION RESOURCES INSTITUTE, INC., etc., Appellant,
v.
Mark W. RICKARD, Appellee.
No. 3D04-1690.
District Court of Appeal of Florida, Third District.
February 8, 2006.
*41 Behar, Gutt & Glazer, and Robert J. Edwards, Miami, for appellant.
Andrew John Anthony, and Bradley A. Silverman, Coral Gables, for appellee.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.
RAMIREZ, J.
The Education Resources Institute, Inc. ("TERI") appeals the entry of an adverse final summary judgment arising from its lawsuit against appellee Mark Rickard to collect on defaulted promissory notes Rickard executed for educational student loans. We affirm because the doctrine of res judicata bars TERI's state court claim.
Rickard filed an out-of-state bankruptcy proceeding to which TERI filed a counterclaim to liquidate the amount of damages Rickard owed TERI. Rickard moved to dismiss the counterclaim to which TERI argued that it was entitled to a money judgment pursuant to the promissory notes it sued upon. The bankruptcy court denied Rickard's motion, and subsequently entered its final judgment finding only that Rickard's debt owed to TERI was non-dischargeable. The judgment was silent on the counterclaim. Rickard appealed the judgment but TERI neither moved for rehearing, clarification nor filed a cross appeal. Years later, TERI filed the underlying action against Rickard to liquidate its claim.
As we stated in Amador v. Florida Board of Regents, 830 So.2d 120 (Fla. 3d DCA 2002), Florida courts apply principles of federal claim preclusion to determine whether a Florida claim is res judicata in cases where a prior federal court judgment exists. Under the federal law of res judicata, a final judgment on the merits of an action precludes the re-litigation of claims that were previously raised or could have been raised in a former action. See Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576 (1st Cir.1995). Although the bankruptcy court did not specifically address TERI's counterclaim in its final judgment, TERI cannot now pursue the identical claim it raised in the bankruptcy proceeding in the underlying court action. We must therefore affirm.